UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | 18 CR 224 |
| v. ) | |
| ) | Chief Judge Rubén Castillo |
| ) | |
| LASHON NORFLEET ) | |
| ) | |
| ) | |

**GOVERNMENT'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT PURSUANT TO 18 U.S.C. § 3161(h)**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(7)(A), for one 60-day extension of time, to and including July 17, 2018, in which to seek the return of an indictment against the defendant.

1. The government is conducting an investigation into this case, but certain factors have led to the government's request for an extension in this case. Those factors are stated in the Attachment hereto, which the government respectfully requests be placed under seal. The government is requesting that the Attachment be sealed so as not to compromise its ongoing investigation and so as not to reveal matters occurring before the Grand Jury.

2. The United States estimates that one 60-day extension from the current expiration date of May 18, 2018, to and including July 17, 2018, will be sufficient time

within which to return an indictment in this matter. The government presently does not plan to seek another extension of time to indict in this case.

3. Among the factors identified by Congress as relevant to the determination whether time should be extended for indictment are those set forth in 18 U.S.C. § 3161(h)(7)(B), which provide in relevant part:

> Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution... that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> Whether, in case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(7)(B)(ii), (iii), and (iv).

4. The government respectfully submits that one 60-day continuance is warranted in this case pursuant to the forgoing provisions and the reasons set forth in the Attachment hereto.

5. The government contacted counsel for the defendant who advised that he does not object to this motion.

WHEREFORE, the United States respectfully requests one 60-day extension of time from May 18, 2018, to and including July 17, 2018 in which to seek an indictment in this case.

Dated: May 14, 2018

Respectfully submitted,

JOHN R. LAUSCH
United States Attorney

By: s/ *Katie M. Durick*
KATIE M. DURICK
KALIA COLEMAN
Assistant United States Attorneys
United States Attorney's Office
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-7641